**IN THE CIRCUIT COURT OF HOWARD COUNTY**
**STATE OF MARYLAND**

EXHIBIT
2
ALL-STATE LEGAL®

| | |
|---|---|
| **BERT VALADA** | * |
| 3890 Beacon Way | * |
| Claremont, Florida 34711 | * |
| **Plaintiff** | * |
| | * |
| v. | * Civil Action Number: 13-C-10-82394 |
| | * |
| **B.R.A.H.M.S. USA, INC. &** | * |
| **THERMO FISHER SCIENTIFIC** | * |
| 8365 Valley Pike | * |
| Middleton, Virginia 22645 | * |
|    serve on resident agent: | * **REQUEST FOR JURY TRIAL** |
|       Capitol Corporate Services, Inc. | * |
|       11140 Rockville Pike, Suite 570 | * |
|       Rockville, Maryland 20852 | * |
| | * |
| **IVETTE DUPUIS** | * |
| 7149 Morning Light Trail | * |
| Columbia, Maryland 21044 | * |
| | * |
| **Defendants** | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff Bert Valada respectfully submits this Complaint against the Defendants alleging breaches of contract, tortuous interference with contractual relations and violation of the Maryland Wage Payment & Collection Law.

### STATEMENT OF FACTS

**I.    The Parties**

1.    Plaintiff Bert Valada is an adult citizen and former resident of the State of Maryland during his employment with the corporate Defendants in Maryland.

2.    The two corporate Defendants are collectively herein referred to as the "Defendant Company."

1

3.      B.R.A.H.M.S. USA, Inc. ("BRAHMS") was a for-profit corporation headquartered in Annapolis Maryland.

4.      Recently. B.R.A.H.M.S. USA, Inc. was purchased or acquired by, or merged into, Thermo Fisher Scientific, a for profit corporation.

5.      Thermo Fisher Scientific is responsible for all obligations of B.R.A.H.M.S. USA, Inc.

6.      From approximately January 2007 to December 2008, Plaintiff worked for the Defendant Company as General Manager/Vice President-U.S.

7.      From approximately December 2008 to May 2009, Plaintiff worked for the Defendant Company as President.

8.      Throughout his employment with the Defendant Company, Plaintiff worked out if its then headquarters in Annapolis, Maryland.

9.      Plaintiff also maintained a residence in Maryland during his employment with the Defendant Company.

10.     Plaintiff was terminated from employment when working for the Defendant Company in Maryland.

11.     The Defendant Company did and still does substantial business in Maryland.

12.     The Defendant Ivette Dupuis is an adult resident and citizen of the State of Maryland.

13.     Defendant Dupuis worked for the Defendant Company in Maryland as its Director of Administration.

**II.     Pertinent Employment Facts**

14.     Prior to his termination from the Defendant Company, Plaintiff was never disciplined by the Defendant Company.

2

15.   Prior to his termination from the Defendant Company, Plaintiff was never advised or told that he was under any sort of investigation or inquiry about work issues or conduct.

16.   Prior to his termination from the Defendant Company, Plaintiff was never told by the Defendant Company that he failed to or was failing to comply with its corporate policies and procedures.

17.   Prior to his termination from the Defendant Company, Plaintiff never received an unsatisfactory evaluation from the Defendant Company.

18.   Prior to his termination from the Defendant Company, Plaintiff never received any written communication from the Defendant Company expressing or indicating that Plaintiff's work performance, efforts and/or attitude was in any way deficient or unsatisfactory.

19.   Prior to his termination from the Defendant Company, Plaintiff never received any oral communication from the Defendant Company expressing or indicating that Plaintiff's work performance, efforts and/or attitude was in any way deficient or unsatisfactory.

20.   The Defendant Company promoted Plaintiff to the President position because of his more than satisfactory work performance.

21.   In February 2009, the Defendant Company rewarded Plaintiff with a 30% bonus evidencing his more than satisfactory conduct.

22.   Some of Plaintiff's objective accomplishments as April 2009, included:

   a.   successfully cleared FDA submission for Kryptor PCT;
   b.   successfully launched PCT in United States with over 27 instrument placements in 2009
   c.   successfully built the Company's presence in North America; and
   d.   successfully developed distribution, service, and sales channel for Company to grow.

3

23.  The Defendant Company drafted and prepared an employment agreement for Plaintiff to sign prior to commencing his employment.

24.  An accurate and complete copy of that agreement is attached hereto as Exhibit 1.

25.  The agreement attached hereto as Exhibit 1 is and was an enforceable contract entered into by Plaintiff and the Defendant Company.

26.  The terms of Exhibit 1 are expressly incorporated herein.

27.  Section 11 of the contract promised Plaintiff that, in exchange for his services to the Defendant Company, in the event that Plaintiff was terminated without "cause", the Defendant Company would pay him severance pay.

28.  Plaintiff would not have agreed to render services for the Defendant Company without the promised severance pay in exchange for services rendered.

29.  Section 11 of the contract states:

> **Severance Pay.** If the Company terminates your employment not for Cause, as defined below, you will be eligible to receive severance pay according to the below schedule, less all applicable taxes and withholdings, provided you execute a release of claims against the Company drafted by and satisfactory to the Company, and such release becomes binding between you and the Company.
> (i)     if you have been employed by the Company for less than one year, the Company shall pay you an amount equal to **$100,000.**
> (ii)    if you have been employed by the Company for more than one year but less than two years, the Company shall pay you an amount equal to **$150,000.**
> (iii)   if you have been employed by the Company for more than two years but less than three years, the Company shall pay you an amount equal to **$200,000.**
> (iv)    if you have been employed by the Company for three or more years, the Company shall pay you an amount equal to **$250,000.**

For purposes of this letter, "Cause" for termination shall be deemed to exist upon (a) a good faith finding by the Company of your failure to satisfactorily perform your assigned duties for the Company, dishonesty, gross negligence or misconduct; (b) your indictment or conviction for, or the entry of a pleading of guilty or nolo contendere by you, to any crime involving moral turpitude or any felony or any reckless knowing or willful violation of applicable law or regulation; (c) a good faith finding by the Company that you engaged in conduct that is injurious to, or poses reasonable likelihood of causing future injury to the Company; (d) a good faith finding by the Company that you have engaged in any conduct which would constitute grounds for termination for violation of the Company's policies in effect at that time; or (e) a good faith finding by the Company of your violation of any of the terms of any nondisclosure, invention, non-competition, non-solicitation or other similar agreement between you and the Company.

30.  Plaintiff was terminated by the Defendant Company and without "cause."

31.   When Plaintiff was terminated he had been working for the Defendant Company for more than two years but less than three years.

32.   Under the terms of the contract, Plaintiff is entitled to owed wages and benefits in the form of the severance pay in the amount of $200,000.

33.   The Defendant Company breached its contract with Plaintiff by not paying him the promised $200,000 in wages when it terminated him without cause.

34.   The Defendant Company had no legal justification or excuse for not paying the owed wages to Plaintiff.

35.   The Defendant Company made no good faith determination that Plaintiff had engaged in conduct that established a for cause determination.

36.   The Defendant Company and the Plaintiff also entered into contract in exchange for Plaintiff's continued employment that provided additional wages to Plaintiff.

37.   This written contract is attached hereto as <u>Exhibit 2</u>, and the terms therein are expressly incorporated herein.

38.   This written contact, labeled the Long Term Incentive Plan("LTIP") provided certain wages/benefits to the Plaintiff in the event of a change of control.

39.   The LTIP wages/benefits were promised to Plaintiff in exchange for his continued employment.

40.   Not all executives of the Defendant Company were offered the LTIP.

41.   Plaintiff was offered participation in the LTIP because of his solid performance.

42.   The triggering events for the change of control occurred when Thermo Fisher Scientific purchased B.R.A.H.M.S.

43.   Plaintiff was terminated shortly before the change of control announcement.

44. The "change of control" is a wage/benefit now owing to Plaintiff.

45. Plaintiff was told that the value of the wages/benefits of the LTIP to him for a sale in 2009 would be at least $125,000.

46. The Defendant Company is in sole possession of the documents and records to determine with precision that amount of the wages/benefits owing to Plaintiff under the LTIP.

47. In May 2009, Plaintiff was terminated, without cause, by the Defendant Company in order to avoid providing Plaintiff the contractually required wages/benefits owed to him under his employment contract.

48. In May 2009, Plaintiff was terminated, without cause, by the Defendant Company in order to avoid providing Plaintiff the contractually required wages/benefits owed to him under the LTIP.

49. Thermo Fisher Scientific announced it purchase of B.R.A.H.M.S. in early September 2009, and purchased B.R.A.H.M.S. in early October 2009.

50. But for Plaintiff's unlawful termination without case, Plaintiff would have received the severance owed to him under his employment contract.

51. But for Plaintiff's unlawful termination without case, Plaintiff would have received the severance owed to him under the LTIP.

52. Plaintiff was cautioned, privately and confidentially, by his past superior, an officer of the Defendant Company, that the Defendant Company would find a way to try to avoid paying Plaintiff his owed severance and LTIP wages and benefits.

53. There is no dispute that Plaintiff is owed the severance and LTIP wages and benefits from the Defendant Company.

6

54.     Defendant had no justifiable reason or cause to terminate Plaintiff and to thereby deprive him of the promised for LTIP wages/benefits.

55.     Plaintiff continued to work for the Defendant Company due to the promised LTIP wages/benefits.

56.     Defendant Dupuis was an employee of the Defendant Company.

57.     Defendant Dupuis is still employed by the Defendant Company.

58.     Defendant Dupuis acted with ill-will, malice and evil intent to interfere with Plaintiff's contractual relations with the Defendant Company.

59.     Plaintiff has counseled Dupuis for unsatisfactory performance and placed her on a performance improvement plan.

60.     Due to her vindictiveness and revenge, and only for her own personal benefit, Defendant Dupuis spread falsehoods and disparaging comments about Plaintiff that caused directly Plaintiff's termination.

61.     Defendant Dupuis was acting outside the scope of her employment when she engaged in her personal and vindictive conduct against Plaintiff.

62.     Defendant Dupuis provided incomplete and inaccurate information about Plaintiff to Plaintiff's superiors and the designees of those superiors.

63.     Defendant Dupuis had no legitimate or justifiable reason or cause to interfere with Plaintiff's contractual relations with the Defendant Company.

64.     Plaintiff superiors with the Defendant Company had no good faith belief that Plaintiff had engaged in conduct that justified a termination for cause.

65.     The Defendant Company recklessly or intentionally did not undertake a good faith and adequate investigation into the allegations concerning Plaintiff.

66.   The Defendant Company seized upon the misinformation provided by Defendant Dupuis in order to terminate Plaintiff and wrongly claim that there was cause for his termination.

67.   The Defendant Company did not have a reasonable objective good faith belief that there was cause for Plaintiff's termination that would excuse the Company from paying the promised severance wages/benefits.

68.   The Defendant Company did have a legitimate subjective good faith belief that there was cause for Plaintiff's termination that would excuse the Company from paying the severance wages/benefits.

69.   There was no cause for the Company to terminate Plaintiff so as to deprive him of the promised LTIP wages/benefits.

70.   Defendants are in sole possession and control of documents that Plaintiff requires to prove his claims and the full amount of damages owed to him.

71.   Upon information and belief, other executives have engaged in far worse conduct than the conduct Plaintiff allegedly engaged in (which he did not) and were not terminated.

72.   Upon information and belief, other executives have engaged in far worse policy violations than those Plaintiff allegedly violated (which he did not) and were not terminated.

73.   Plaintiff was never provided the chance or opportunity to refuse the false charges against him.

74.   Plaintiff was never questioned by any investigator or fact-finder prior to his termination.

75.   As a matter of practice, the Defendant Company and its parent companies have allowed other executives to refute or explain the charges against them before termination.

76.   As a matter of practice, the Defendant Company has utilized progressive discipline when other executives have been charged with and actually determined to have engaged in misconduct.

77.   The Defendant Company has no evidence that it had instructed or directed Plaintiff to comply with the specific policies and/or procedures that it contends Plaintiff violated.

78.   The Defendant Company has a practice of trying to not to pay promised benefits to employees by charging that the employees engage in misconduct or unsatisfactory performance.

79.   Plaintiff's comparators are the top executives of the various related and affiliated companies and entities of the B.R.A.H.M.S. U.S.A.'s parent and holding companies.

80.   The claimed decision makers behind Plaintiff's termination from employment were employees and officers of B.R.A.H.M.S. U.S.A.'s parent and/or holding companies.

81.   All of the Defendants have acted with actual, absolute and evil malice against Plaintiff.

82.   The Defendant Company even attempted to deny Plaintiff unemployment benefits when there was no good reason to do so.

83.   The conduct of all the Defendants call for an award of punitive damages and the penalties allowed under the Maryland Wage Payment & Collection Law.

84.   Plaintiff has suffered greatly, financially, personally and professionally, as a direct result of the Defendant's unlawful conduct.

## VIOLATIONS OF LAW

## COUNT I – VIOLATION OF THE MARYLAND WAGE PAYMENT & COLLECTION LAW, MD. ANN. CODE, LABOR & EMPL. §3-501, *ET SEQ.*

85.   All allegations of this Complaint are expressly incorporated into this Count I.

86. The promised for severance pay is a wage and/or benefit owing to Plaintiff in exchange for his employment with the Defendant Company.

87. There was no cause to for the Defendant Company to terminate Plaintiff, and, therefore, Plaintiff is owed the severance pay in the amount of $200,000 with interest and penalty damages to be included later.

88. The promised LTIP wages/benefits are due Plaintiff because he was not terminated for cause and were promised to him in exchange for his continued employment with the Defendant Company.

89. The LTIP wages/benefits owed to Plaintiff are at least $125,000, with interest and penalties to be included later.

90. There is no dispute that Plaintiff is owed the severance pay which is a "wage" under the Maryland Wage Payment & Collection Law.

91. There is no dispute that Plaintiff is owed the LTIP benefits which is a "wage" under the Maryland Wage Payment & Collection Law.

92. Plaintiff has made demand for the owing wages.

93. The Defendant Company has not paid the owing wages as required under MD. ANN. CODE, LABOR & EMPL. §3-505.

94. The Defendant Company has refused to pay Plaintiff the owing wages and benefits.

95. Pursuant to the Maryland Wage Payment & Collection Law, Plaintiff is seeking to recover the wages owed to him under the Maryland Wage Payment & Collection Law.

96. Wherefore, Plaintiff requests that he be awarded: (a) at least $325,000 in owing wages and benefits and pre- and post-judgment interest; (b) treble damages; (c) attorney fees, and (d) costs.

## COUNT II – BREACH OF CONTRACT – EMPLOYMENT CONTRACT, EXHIBIT 1,

97.   All allegations of this Complaint are expressly incorporated into this Count II of the Complaint.

98.   The Defendant Company breached its employment contract with Plaintiff by terminating Plaintiff without cause and not paying him the wages and benefits required under that contract.

99.   The Defendant Company had no legal justification or defense for breaching the contract with Plaintiff.

100.  Adequate consideration supported the contract.

101.  Plaintiff was damaged directly as a result of the breach of contract.

102.  Plaintiff complied with all of his obligations under the employment contract.

103.  Wherefore, Plaintiff requests that he be awarded: (a) at least $200,000 in owing wages and benefits and pre- and post-judgment interest; (b) attorney fees, and (d) costs.

## COUNT III – BREACH OF CONTRACT – LTIP CONTRACT, EXHIBIT 2

104.  All allegations of this Complaint are expressly incorporated into this Count III of the Complaint.

105.  The Defendant Company breached its LTIP contract with Plaintiff by terminating Plaintiff without cause and not paying him the wages and benefits required under that contract.

106.  The Defendant Company had no legal justification or defense for breaching the contract with Plaintiff.

107.  Adequate consideration supported the contract.

108.   Plaintiff was damaged directly as a result of the breach of contract.

109.   Plaintiff complied with all of his obligations under the LTIP contract.

110.   Wherefore, Plaintiff requests that he be awarded: (a) at least $125,000 in owing wages and benefits and pre- and post-judgment interest; (b) attorney fees, and (d) costs.

## COUNT IV- AGAINST DEFENDANT DUPUIS, INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

111.   All allegations of this Complaint are expressly incorporated into this Count IV of the Complaint.

112.   Defendant Dupuis, with evil motive and actual malice, unlawfully interfered with Plaintiff's contractual relations with the Defendant Company.

113.   Defendant Dupuis was aware of the Plaintiff's contractual relations with the Defendant Company.

114.   Defendant Dupuis, without legal justification or excuse, intentionally caused damage to Plaintiff.

115.   As a direct result of Defendant Dupuis' unlawful interference, Plaintiff was not paid the contractual wages and benefits to which he was entitled.

116.   Defendant Dupuis, in engaging in the unlawful interference, acted outside of the scope of her employment and with actual malice for her own personal reasons of wanting to harm and damage Plaintiff.

117.   Plaintiff suffered financially, professional and personally as a result of Defendant's Dupuis misconduct.

118.   Defendant Dupuis was aware that Plaintiff was the sole breadwinner of his family and with young children.

119. Plaintiff was caused to suffer great worry, anxiety, humiliation and embarrassment due to Defendant Dupuis's misconduct.

120. Wherefore, Plaintiff requests that he be awarded from Defendant Dupuis: (a) at least $325,000 in compensatory damages and at least $150,000 in punitive damages with pre- and post-judgment interest; (b) attorney fees, and (c) costs.

Respectfully submitted,

Stephen B. Lebau
Richard P. Neuworth
Michael Melick
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Baltimore, Maryland 21204
tel. 410.296.3030
fax. 410.296.8660
Attorneys for the Plaintiff